UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE JOANN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00157-SNLJ |
| | ) | |
| NATIONAL FOOTBALL LEAGUE | ) | |
| INC./ENTERPRISES (NFL), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Connie Joann Baker for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants National Football League Inc./Enterprises (NFL) and Los Angeles Rams (Rams).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who brings this civil action against the NFL and the Rams. (Docket No. 1 at 1). She asserts that she is bringing this case individually, and on behalf of the children and estate of Donnell K. Baker (Baker), who is deceased. Plaintiff states that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, and that venue is proper because a substantial part of defendants' actions or omissions occurred in this district. (Docket No. 1 at 2). She alleges that

Baker "was injured, incapacitated, and died as a result of Defendants' reckless disregard for his personal health and safety as a professional athlete." (Docket No. 1 at 1).

With regard to the factual allegations, plaintiff asserts that the NFL "is the main professional football league in the United States." (Docket No. 1 at 2). The NFL is divided into two conferences, with a total of thirty-two teams. (Docket No. 1 at 2-3). The Los Angeles Rams – formerly the St. Louis Rams – is one of those thirty-two teams.

As plaintiff explains, football is "an extremely physical game," including "almost constant tackling, body, and head shots." (Docket No. 1 at 3). This physicality leads to the risk of concussions and head trauma, particularly chronic traumatic encephalopathy (CTE).

Plaintiff states that "CTE is a neurodegenerative brain disorder which is caused by repetitive trauma to the head." According to plaintiff, the "first description of CTE" occurred in 1928 by Dr. Harrison Martland, who had observed in boxers what he termed "punch drunk syndrome." Over the course of the next seventy-five years, CTE symptoms were found in boxers and brain trauma victims, though there were less than fifty cases reported during that time. In 2005, plaintiff states that Dr. Bennet Omalu "published the first evidence of CTE in an American football player." (Docket No. 1 at 3-4).

Despite CTE in football players not being extensively researched until the 2000s, plaintiff states that the issue was "clearly known" decades beforehand. (Docket No. 1 at 4). Specifically, she states that in 1994 – the year that Baker began his NFL career – the then-commissioner of the NFL "created the Mild Traumatic Brain Injury committee." Plaintiff alleges that the committee and the commissioner were negligently indifferent to the issue of concussions and head trauma in football.

Plaintiff states that in 1997, the American Academy of Neurology "suggested that any football player that received a concussion during game play should be removed from the field if the player lost consciousness or had any concussion symptoms 15 minutes after the injury occurred." The Academy also noted that repeated concussions could lead to "cumulative brain injury." (Docket No. 1 at 4-5). Additionally, in 1999, plaintiff asserts that the NFL Retirement Board determined that a former player was "permanently disabled from repeated concussions." (Docket No. 1 at 5). Nevertheless, plaintiff alleges that the NFL continued "to downplay the severity of concussions for players." It was only in "2009 that the NFL finally acknowledged that concussions actually did pose long-term effects for players." Those symptoms can include memory loss, confusion, personality changes, erratic behavior, depression, suicidal thoughts, attention deficit issues, and difficult with balance and motor skills. (Docket No. 1 at 4).

Plaintiff contends that Baker "suffered concussions" and "numerous sub-concussive hits to the head" while in the NFL, both during practice and games. (Docket No. 1 at 6). Rather than meeting its duty of care by protecting its employees, plaintiff alleges that the NFL and the Rams downplayed the risks associated with football, causing harm to its players.

More specifically, plaintiff states that Baker played for the NFL from 1994 to 1998. He was with the Rams from December 1996 to September 1998, aside from "a brief 2 month interruption." During his NFL playing career, plaintiff asserts that Baker was knocked unconscious, suffered numerous concussions, and was "subjected to countless sub-concussive hits." (Docket No. 1 at 6-7). At the time that Baker played in the NFL, "there were no adequate or substantial concussion management protocols or policies in place to address and treat" his concussions.

Plaintiff states that at some point during Baker's professional football career, "he began exhibiting signs of declining cognitive abilities." (Docket No. 1 at 7). He also suffered from depression, mood swings, and seizures. After visiting with a neurologist, Baker was allegedly diagnosed with seizures that had been "caused from repeated hits to the head from his time playing" in the NFL. On February 5, 2020, Baker died in his sleep while having a seizure. (Docket No. 1 at 8).

Based on these allegations, plaintiff contends that the NFL and the Rams negligently caused Baker's wrongful death. Specifically, she states that both defendants had a duty of care "to protect and promote the health and safety of its players." (Docket No. 1 at 8-9). This duty included appropriate guidance and regulations regarding head injuries and warnings to players about the dangers. (Docket No. 1 at 9). Plaintiff also asserts that both defendants had a duty not to conceal information from the players.

Plaintiff alleges that the NFL and the Rams breached its duties by failing to implement appropriate guidelines regarding the evaluation of traumatic brain injuries, not only on the playing field, but "in the weeks and months after" sustaining an injury. She further accuses defendants of failing to provide "treatment for the latent effects" of traumatic brain injuries. Because of this breach, Baker was exposed to repetitive head injuries that ultimately led to his death. (Docket No. 1 at 10-11). Plaintiff also contends that the NFL and the Rams breached an implied contract between themselves and Baker. (Docket No. 1 at 14). In particular, she states that there was an implied contract between Baker and defendants by which Baker agreed to be bound by league and team rules, while the league and team agreed to abide by its own agreements and bylaws. Plaintiff contends that defendants breached their implied contractual duties by failing to provide Baker with a safe working environment.

As a result of the allegations set forth above, plaintiff seeks a declaration that defendants' actions constituted negligence and breach of contract. (Docket No. 1 at 15). She also requests monetary damages.

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action against the NFL and the Rams. Because plaintiff is proceeding in forma pauperis, her case is subject to review under 28 U.S.C. § 1915(e). *See Zessin v. Nebraska Health and Human Services*, 2007 WL 2406967 (D. Neb. 2007) (citing cases for proposition that "it is clear that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed in forma pauperis without regard to whether the plaintiff is a prisoner"). Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants.

As noted above, 28 U.S.C. § 1915(e) directs courts to dismiss complaints filed in forma pauperis if they are frivolous, malicious, or fail to state a claim upon which relief can be granted.

First, with regard to frivolity, the Court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, plaintiff has alleged that Baker suffered a traumatic brain injury from repeated concussions endured during his professional football career. Further, she contends that the NFL and the Rams knew about the dangers of concussions, but did not take proper measures to guard against their long-term effects. Without passing judgment on the merits, the Court has determined

that these allegations are not fanciful, fantastic, or delusional, such as is required for a finding of frivolity.

Second, as to maliciousness, a case may be dismissed under 28 U.S.C. § 1915 if it is "plainly part of a longstanding pattern of abusive and repetitive lawsuits" or contains abusive language. *See Horsey v. Asher*, 741 F.2d 209, 212-13 (8th Cir. 1984); and *In re Tyler*, 839 F.2d 1290, 1294 (8th Cir. 1988). In this case, there is clearly nothing malicious in the complaint, as there is no indication that it has been filed to harass defendants, or that it is part of a pattern of repetitious lawsuits.

Finally, as to stating a claim, the Court notes that plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon*, 795 F.3d at 787 (quotations and citation omitted).

In this case, plaintiff has alleged that the NFL and the Rams had a duty to protect Baker's health and well-being, and that they breached this duty by failing to provide proper protocols for dealing with concussions, and by failing to disclose the dangers of head injuries to players. Because of this breach, plaintiff has alleged that Baker suffered a traumatic brain injury that gave him a seizure disorder, ultimately resulting in his death. The Court must accept these facts as true, and

make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Taking that into consideration, and in light of plaintiff's status as a self-represented litigant, the Court has determined that the allegations in the complaint are sufficient for purposes of initial review under 28 U.S.C. § 1915. Therefore, the Court will direct the Clerk of Court to issue process on defendants NFL and Los Angeles Rams.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants National Football League Inc./Enterprises and Los Angeles Rams.

Dated this 17th day of August, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE